Johnson, J.
The Pennsylvania Company recovered a judgment against The Cleveland & Western Coal Company in the municipal court of Cleveland, which was affirmed by the court of appeals of Cuyahoga county, and the case is brought here on error.
The claim of the Railroad Company was for demurrage charges on account of detention of various cars of lake coal consigned to the Coal Company in June, 1913, and loaded for its account, from plaintiff’s line, on certain named steamers for transshipment at Ashtabula Harbor, Ohio, aggre *162 gating 43 cars. In its statement of claim plaintiff alleged that pursuant to law it published and filed with the Interstate Commerce Commission rules covering demurrage charges on interstate shipments of lake coal. The statement set forth in detail the method of determining such charges and showed the number of debit and credit days in relation to defendant’s coal so shipped. The defendant does not deny the correctness of the statement 'by the plaintiff so far as it shows a balance due of 150 days detention of cars, for which $1 per day is the fixed charge.
The defendant, however, alleges that on account of certain delays, specifically set forth in its answer, with reference to 23 cars of coal, the demurrage should be suspended as to those cars, and that if suspended there would be no balance due to the Railroad Company, because the amount of debits on the 23 cars exceeds the amount of plaintiff’s account. It alleges that in the tariff filed with the Interstate Commerce Commission there was included the following provision: “Rule 6. Allowances will be made for railroad errors which prevent proper tender or delivery.”
It is the contention of the defendant that on account of unreasonable delay, which prevented proper delivery of the 23 cars in question, demur-rage should be suspended under Rule 6 as above stated. It concedes that in a suit for freight or demurrage charges no counterclaim for damages, either for delayed delivery or damage to the goods, can be sustained, but it contends that in this case *163 the delay in the shipment defeats the claim for demurrage.
The position of the Coal Company is that it was the duty of the trial court to so construe and apply Rule 6 as to enforce the suspension of the demur-rage charges in the manner stated.
The shipments involved in this case were interstate shipments, and jurisdiction to determine controversies arising upon such claims as are set forth here, including the duty and power to construe rules, has been conferred upon the Interstate Commerce Commission by congress. Equality between shippers in all relations with carriers is the object sought to be attained in the legislation regulating shipments, rates and railroads. It seems to be well settled that the commission has exclusive primary jurisdiction in such matters. Uniform rules and uniform construction of rules are essential to secure the objects sought and to prevent the confusion which would result from one rule being held in one jurisdiction and another rule in another jurisdiction. The courts may not, as an original •question, exert authority over subjects which primarily come within the jurisdiction of the Interstate Commerce Commission. (Tex. & Pac. Ry. Co. v. American Tie & Timber Co., 234 U. S., 138, and Tex. & Pac. Ry. Co. v. Abilene Cotton Oil Co., 204 U. S., 426.) Therefore, it having been shown by the agreed statement of facts which was filed in the case that the claim of the plaintiff of 150 debit days on demurrage account was correct, the courts below were correct in allowing the claim for that amount. The Coal Company is not without a *164 remedy if it has a legal claim against the Railroad Company for the alleged wrongful delays described in its answer, but it must seek its relief in the forum which has been clothed with authority to deal with the subject.
We have carefully examined the record and the briefs of counsel with reference to the other assign- . ments of error, but we do not find any prejudicial error, and the judgments of the courts below will be affirmed.

Judgments affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Donahue, JJ., concur.